**No. 24-7188**                                     **September Term, 2024**

**1:14-cv-01812-UNA**

**Filed On:** April 28, 2025

Adly Kirollos Messiha,

        Appellant

    v.

ICSID, International Centre for Settlement of
Disputes, The team and Mr. Javier Castro
ICSID,

        Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Millett, and Walker, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the brief filed by the appellant, which includes a
request to appoint counsel, and the supplement thereto.  See Fed. R. App. P. 34(a)(2);
D.C. Cir. Rule 34(j).  It is

**ORDERED** that the request to appoint counsel be denied.  In civil cases,
appellants are not entitled to appointment of counsel when they have not demonstrated
sufficient likelihood of success on the merits.  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's November 12,
2024 order be affirmed.  To the extent appellant's August 7, 2024 motion to reopen the
case sought relief under Federal Rule of Civil Procedure 59(e) or Rule 60(b)(1)-(3), the
motion was untimely.  See Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(c).  And even
assuming, without deciding, that appellant's motion was filed "within a reasonable time"
after his complaint was dismissed, see Fed. R. Civ. P. 60(c), appellant has not shown
that the district court abused its discretion in denying the motion to reopen.  In
particular, he has not demonstrated "extraordinary circumstances" that would justify
relief under Rule 60(b)(6).  See Kramer v. Gates, 481 F.3d 788, 791 (D.C. Cir. 2007)
(citation omitted).  Finally, appellant has not challenged the district court's injunction

against further filings in the district court case, and he has thus forfeited any such argument.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
       Daniel J. Reidy
       Deputy Clerk